UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERT BOSCH GMBH and
ROBERT BOSCH LLC,

    Plaintiffs,

               -v-                            Civil Action No. _____

SIC AUTOPARTS, LLC,

    Defendant.
_____/

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

Plaintiffs, Robert Bosch GmbH ("Robert Bosch") and Robert Bosch LLC ("RBUS") (collectively "Bosch" or "Plaintiffs"), hereby sue Defendant SIC Autoparts, LLC ("Defendant") for trademark infringement and related acts of unfair competition under Florida common law and allege as follows:

### PARTIES

1. Robert Bosch is a German corporation with its principal place of business in Stuttgart, Germany.

2. RBUS is a Delaware limited liability company with offices at 2800 South 25th Avenue, Broadview, Illinois 60155. RBUS's sole member is Robert Bosch North America Corporation, a Delaware corporation with its principal place of business in Farmington Hills, Michigan.

3. Defendant is a Florida limited liability company with a principal place of business at 458 NW Lake Whitney Place, Saint Lucie West, Florida, 34986.

## JURISDICTION AND VENUE

4. This Court has jurisdiction because (i) this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b); and (ii) this is an action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Florida state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper under 28 U.S.C. § 1391(c) because Defendant maintains its principal business location in Saint Lucie West, Florida, and therefore resides in and is subject to jurisdiction in this district.

## FACTS

### Plaintiffs and their Valuable and Well-Known Trademarks

6. Robert Bosch is a German corporation that has been manufacturing and selling products under the well-known BOSCH brand name and trademark for more than 100 years. Robert Bosch conducts business in a wide range of industries, including the Original Equipment Manufacturer and aftermarket automotive parts industries.

7. For many years, and long before the acts of Defendant complained of herein, Robert Bosch and its licensees have used the marks BOSCH (hereinafter, the "BOSCH Mark") and the mark ⊖ (hereinafter, the "Bosch Magneto Mark") (collectively, the "Bosch

-2-

Marks") in the United States in connection with the sale of automotive parts, including canister purge valves.

8.  Robert Bosch is the owner of numerous active federal trademark registrations with the United States Patent and Trademark Office (hereinafter, "USPTO") either consisting of or incorporating the BOSCH Mark and/or the Bosch Magneto Mark, including but not limited to the following:

| **Mark** | **Goods** | **Reg. No.** | **Reg. Date** |
|---|---|---|---|
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro-hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic valves; pneumatic cylinders, pneumatic door actuators and air compressors. | 1,637,401 | Mar. 12, 1991 |
| (Bosch Magneto logo) | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipments comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accumulators; . . . | 633,563 | Dec. 8, 1955 |

9.  The registrations above for the BOSCH Mark and the Bosch Magneto Mark have become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and, accordingly, constitute conclusive evidence of Robert Bosch's exclusive right to use the marks identified in these registrations throughout the United States.

-3-

10.     RBUS manufactures, markets, and sells automotive, consumer, and industrial technology products throughout the United States, including automotive parts and systems.

11.     For many years, RBUS and its predecessors have manufactured and sold automotive parts and systems under the Bosch Marks, including canister purge valves, pursuant to a license agreement with Robert Bosch.

12.     The vehicle parts and systems sold under the Bosch Marks are subject to a strict quality control program implemented by Robert Bosch that protects and preserves all aspects of such products, including their components, safety, appearance, and packaging.

13.     RBUS has used the Bosch Marks for many years, has sold billions of dollars' worth of goods and services in the United States under those marks, and has spent substantial sums marketing and promoting goods and services under those marks.

14.     By virtue of the aforementioned sales and marketing, the Bosch Marks have become well known throughout the United States, and represent extremely valuable goodwill for Bosch.

Defendant and its Unlawful Use of the Bosch Marks

15.     Defendant is in the business of selling automotive parts, including canister purge valves.  Defendant sells these automotive products through at least its business location in Saint Lucie West, Florida.

16.     Defendant is selling and offering for sale automotive products, including canister purge valves, under the Bosch Marks that are not genuine BOSCH products.

17.     Recently, Bosch obtained canister purge valves bearing the Bosch Marks that were sold by Defendant.

18. After receiving the canister purge valves sold by Defendant, Bosch engineers evaluated the products. Although the products bore the Bosch Marks, Bosch engineers determined that the products were not genuine BOSCH products.

<u>Irreparable Harm to Plaintiffs and the Bosch Marks</u>

19. On information and belief, Defendant's aforementioned unauthorized uses of the Bosch Marks constitute a deliberate, intentional, and willful attempt to trade upon Plaintiffs' business reputation and goodwill in the Bosch Marks.

20. As a result of Defendant's aforementioned acts of counterfeiting, trademark infringement, and unfair competition, Defendant's customers and potential customers have been and/or are likely to be confused into thinking that the counterfeit products sold by Defendant are genuine BOSCH products.

21. Defendant's counterfeit and infringing uses of the Bosch Marks have caused and will continue to cause irreparable harm to Plaintiffs and to the goodwill Plaintiffs own in the Bosch Marks, as well as lost sales.

**COUNT I**
**TRADEMARK COUNTERFEITING IN VIOLATION OF**
**SECTIONS 32 AND 34(d)(1)(B) OF THE LANHAM ACT**

22. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant's aforesaid unauthorized use of the Bosch Marks on products that are not genuine BOSCH canister purge valves constitutes use of spurious marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are federally registered for use in connection with these products. *See* U.S. Reg. Nos. 633,563 and 1,637,401.

24. Defendant's acts have caused and/or are likely to cause confusion, mistake, or

deception as to the source, origin, sponsorship, or approval of Defendant's goods.

25. Defendant's acts constitute trademark counterfeiting of the Bosch Marks in violation of Sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d)(1)(B).

26. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by the Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

## COUNT II
## TRADEMARK INFRINGEMENT IN VIOLATION
## OF SECTION 32 OF THE LANHAM ACT

27. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

28. Defendant's aforesaid unauthorized use of the Bosch Marks in connection with the sale of non-genuine Bosch products is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendant's goods.

29. Defendant's actions, thus, constitute trademark infringement of the Bosch Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products.

## COUNT III
## UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

32. Defendant's aforesaid unauthorized use of the Bosch Marks in connection with the sale of non-genuine Bosch products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Plaintiffs authorize or control the sale, offering, or provision of Defendant's goods, or that Defendant is associated with or authorized by Plaintiffs to sell, offer, or provide those goods.

33. Defendant's actions, thus, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products.

## COUNT IV
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR BUSINESS PRACTICES ACT — FLA. STAT. §§501.201, *et seq*.

35. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

36. Defendant's false representation that its counterfeit Bosch canister purge valves are new, genuine BOSCH products have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers into believing that their products are genuine BOSCH products.

37. Defendant's misconduct alleged herein constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade or commerce.

38. Defendant has willfully engaged in the above-described deceptive trade practices.

39. Defendant's misconduct alleged herein constitutes a violation of the Florida Deceptive and Unfair Business Practices Act, Fla. Stat. §§501.201, *et seq.*

40. As a direct and proximate result of the above-described deceptive trade practices, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## COUNT V
## UNFAIR COMPETITION — FLORIDA COMMON LAW

41. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

42. Defendant's false representation that its counterfeit Bosch products are new, genuine BOSCH products have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers into believing that their products are genuine BOSCH products.

43. By misappropriating and using the Bosch Marks on counterfeit products in a matter than passes such products off as genuine BOSCH products, Defendant has utilized unfair means to usurp the goodwill and reputation of Bosch.

44. Such tactics are designed to cause confusion and mistake as to the source and origin of these products.

45. Defendant's misconduct alleged herein constitutes unfair competition under the common law of the State of Florida.

46. Plaintiffs have no adequate remedy at law if this Court does not enjoin Defendant's activities, and Plaintiffs are suffering irreparable harm and injury.

47. Upon information and belief, Defendant's acts are willful, wanton, intentional and malicious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Robert Bosch GmbH and Robert Bosch LLC pray that:

1. Defendant, its officers, agents, servants, employees, contractors, consultants, representatives, attorneys, their successors and assigns, and all other persons, groups, firms, entities, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, related businesses and licensees of Defendant, be permanently enjoined from:

   a) directly or indirectly infringing the above-described registered Bosch Marks in any manner, and specifically:

   (1) using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with the offering, promotion, marketing, offer for sale or sale of any non-genuine Bosch products;

   (2) promoting, marketing, advertising, offering for sale, or selling any counterfeit Bosch goods;

   (3) applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release,

                or other material used in connection with the promotion, sale and/or offering for sale of any non-genuine Bosch products;

b)    using any mark that is confusingly similar to the Bosch Marks in connection with the manufacture, promotion, sale and/or offering for sale of any non-genuine Bosch products;

c)    using any other trademark, trade name, logo, indicia or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine Bosch products originate from Bosch, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Bosch;

d)    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any non-genuine Bosch products are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;

e)    affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine Bosch products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including but not limited to, by falsely representing that such products are genuine Bosch products; and

f)    destroying or otherwise disposing of evidence until final determination of this action, including:

  (1) any canister purge valves and other goods offered for sale in connection with any of the Bosch Marks;

  (2) any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

  (3) any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale of any non-genuine Bosch products or any other products sold or offered for sale in connection with a Bosch Mark.

2. Defendant, and all others holding by, through, or under Defendant, be required, jointly and severally, to:

 a) account for and pay over to Plaintiffs all profits derived by Defendant from its acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

 b) pay to Plaintiffs the amount of all damages incurred by Plaintiffs by reason of Defendant's acts of trademark infringement and unfair competition, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

 c) pay to Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the statutory and common law of the State of Florida;

    d)    pay to Plaintiffs the greater of treble Defendant's profits or treble the actual damages suffered by Plaintiffs, as well as Plaintiffs' costs, attorneys' fees, and prejudgment interest, for their acts of trademark counterfeiting, in accordance with 15 U.S.C. § 1117(b);

    e)    pay to Plaintiffs statutory damages for counterfeiting and willful counterfeiting of each of the Bosch Marks of up to $2 million ($2,000,000) for each type of product sold, offered for sale, or distributed by Defendant, in accordance with 15 U.S.C. §§ 1117(c)(1) and (2);

    f)    deliver up for destruction all of Defendant's counterfeit and infringing canister purge valves and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. § 1118;

    g)    serve on Plaintiffs and file with the Court, within thirty (30) days after service on Defendant of an injunctive order, a written report made under oath setting forth in detail how Defendant has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116(a);

    h)    pay to Plaintiffs no less than $10,000 pursuant to Florida Statute § 501.2075, including any and all actual damages, attorneys' fees and court costs available under Florida Statute § 501.211(2); and

    i)    pay to Plaintiffs any and all available damages under the common law of the State of Florida.

3. Plaintiffs have such other and further relief as the Court deems just and equitable.

Respectfully submitted this January 27, 2017,

<u>*s/Robert H. Thornburg*</u>
Robert H. Thornburg
Florida Bar No. 630829
rthornburg@addmg.com
Cameron C. Murphy
Florida Bar No. 125086
cmurphy@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL 33131
Telephone: (305) 374-8303
Facsimile: (305) 374-8306

-and-

Thad Chaloemtiarana
(*pro hac vice* to be filed)
tc@pattishall.com
PATTISHALL, MCAULIFFE,
NEWBURY, HILLIARD &
GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

*Counsel for Plaintiffs Robert Bosch GmbH and Robert Bosch LLC*