UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14030-CIV-MIDDLEBROOKS/LYNCH

ROBERT BOSCH GMBH and
ROBERT BOSCH LLC,

    Plaintiffs,

v.

SIC AUTOPARTS, LLC,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant SIC AUTOPARTS, LLC ("Defendant"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs ROBERT BOSCH GMBH and ROBERT BOSCH LLC ("Plaintiffs") and hereby states as follows:

## ANSWER

## PARTIES

1. Defendant is without knowledge as to any of the allegations contained in paragraph 1. They are therefore denied.

2. Defendant is without knowledge as to any of the allegations contained in paragraph 2. They are therefore denied.

3. Defendant admits that Defendant is a Florida limited liability company with a principal place of business at 458 NW Lake Whitney Place, Saint Lucie West, Florida 34986.

## JURISDICTION AND VENUE

4. Defendant denies the allegations contained in paragraph 4 and demand strict proof thereof.

5. Defendant denies the allegations contained in paragraph 4 and demand strict proof thereof.

## FACTS

6. Defendant is without knowledge as to any of the allegations contained in paragraph 6. They are therefore denied.

7. Defendant is without knowledge as to any of the allegations contained in paragraph 7. They are therefore denied.

8. Defendant is without knowledge as to any of the allegations contained in paragraph 8. They are therefore denied.

9. Defendant is without knowledge as to any of the allegations contained in paragraph 9. They are therefore denied.

10. Defendant is without knowledge as to any of the allegations contained in paragraph 10. They are therefore denied.

11. Defendant is without knowledge as to any of the allegations contained in paragraph 11. They are therefore denied.

12. Defendant is without knowledge as to any of the allegations contained in paragraph 12. They are therefore denied.

13. Defendant is without knowledge as to any of the allegations contained in paragraph 13. They are therefore denied.

14. Defendant is without knowledge as to any of the allegations contained in paragraph 14. They are therefore denied.

15. Defendant admits that Defendant sells autoparts. Any other allegations contained in Paragraph 15 are denied and strict proof is demanded therof.

16. Defendant denies all allegations contained in paragraph 16 and demands strict proof thereof.

17. Defendant is without knowledge as to any of the allegations contained in paragraph 17. They are therefore denied.

18. Defendant is without knowledge as to any of the allegations contained in paragraph 18. They are therefore denied.

19. Defendant denies all allegations contained in paragraph 19 and demands strict proof thereof.

20. Defendant denies all allegations contained in paragraph 20 and demands strict proof thereof.

21. Defendant denies all allegations contained in paragraph 21 and demands strict proof thereof.

## COUNT I
## TRADEMARK COUNTERFEITING IN VIOLATION OF
## SECITONS 32 AND 34(d)(1)(B) OF THE LANHAM ACT

22. Defendant repeats the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant denies all allegations contained in paragraph 23 and demands strict proof thereof.

24. Defendant denies all allegations contained in paragraph 24 and demands strict proof thereof.

25. Defendant denies all allegations contained in paragraph 25 and demands strict proof thereof.

26. Defendant denies all allegations contained in paragraph 26 and demands strict proof thereof.

## COUNT II
## TRADEMARK INFRINGEMENT IN VIOLATION
## OF SECTION 32 OF THE LANHAM ACT

27. Defendant repeats the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

28. Defendant denies all allegations contained in paragraph 28 and demands strict proof thereof.

29. Defendant denies all allegations contained in paragraph 29 and demands strict proof thereof.

30. Defendant denies all allegations contained in paragraph 30 and demands strict proof thereof.

## COUNT III
## UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

31. Defendant repeats the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

32. Defendant denies all allegations contained in paragraph 32 and demands strict proof thereof.

33. Defendant denies all allegations contained in paragraph 33 and demands strict proof thereof.

34. Defendant denies all allegations contained in paragraph 34 and demands strict proof thereof.

## COUNT IV
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – FLA. STAT. §§ 501.201, *et seq.*

35. Defendant repeats the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

36. Defendant denies all allegations contained in paragraph 36 and demands strict proof thereof.

37. Defendant denies all allegations contained in paragraph 37 and demands strict proof thereof.

38. Defendant denies all allegations contained in paragraph 38 and demands strict proof thereof.

39. Defendant denies all allegations contained in paragraph 39 and demands strict proof thereof.

40. Defendant denies all allegations contained in paragraph 40 and demands strict proof thereof.

## COUNT V
## UNFAIR COMPETITION – FLORIDA COMMON LAW

41. Defendant repeats the responses contained in Paragraphs 1 through 21 as if fully set forth herein.

42. Defendant denies all allegations contained in paragraph 42 and demands strict proof thereof.

43. Defendant denies all allegations contained in paragraph 43 and demands strict proof thereof.

44. Defendant denies all allegations contained in paragraph 44 and demands strict proof thereof.

45. Defendant denies all allegations contained in paragraph 45 and demands strict proof thereof.

46. Defendant denies all allegations contained in paragraph 46 and demands strict proof thereof.

47. Defendant denies all allegations contained in paragraph 47 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to Complaint filed by the Plaintiffs, the Defendant asserts the following:

48. FIRST DEFENSE: The Complaint fails to state a claim against Defendant upon which relief can be granted.

49. SECOND DEFENSE: Defendant's use of Plaintiffs' alleged marks does not create a likelihood

of confusion.

50. THIRD DEFENSE: Defendant's use of Plaintiff's alleged marks constituted nominative use.

51. FOURTH DEFENSE: Plaintiffs' claims are barred either in whole or in part by the doctrine of fair use.

52. FIFTH DEFENSE: Defendant is a reseller of a variety of auto parts and does not manufacture any products that it offers for sale.

53. SIXTH DEFENSE: Defendant has not asserted any ownership interest or right to use Plaintiffs' alleged marks and Defendant did not willfully sell or offer to sell any products that infringed on Plaintiffs' alleged marks.

54. SEVENTH DEFENSE: Defendant does not currently sell any products that infringe on Plaintiff's alleged marks. Thus, Plaintiffs' request for a permanent injunction against Defendant from allegedly selling any products that infringe on Plaintiff's alleged marks is not applicable.

55. EIGHTH DEFENSE: Defendant has not engaged in any acts, directly or indirectly, to trade upon the reputation or goodwill of the Plaintiffs or any of their alleged marks.

56. NINTH DEFENSE: Plaintiffs' claims are barred to the extent the allegedly unlawful or infringing use of the works at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

57. TENTH DEFENSE: Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

58. ELEVENTH DEFENSE: Plaintiffs' claims are barred as Plaintiffs have failed to police third-party usage and naked licensing of their alleged marks.

59. TWELFTH DEFENSE: Plaintiffs' claims are barred to the extent that federal law preempts some or all of Plaintiffs' claims asserted under state law.

60. THIRTEENTH DEFENSE: Plaintiffs' claims are barred by the doctrine of estoppel.

61. FOURTEENTH DEFENSE: Plaintiffs' claims are barred by the doctrine of laches.

62. **FIFTEENTH DEFENSE:** Plaintiffs' claims are barred by the doctrine of waiver.

63. **SIXTEENTH DEFENSE:** Plaintiffs' claims are barred by the doctrine of unclean hands.

64. **SEVENTEENTH DEFENSE:** Plaintiffs' claims are barred to the extent that they suffered no actual damages.

65. **EIGHTEENTH DEFENSE:** Plaintiffs' claims are barred to the extent that if they suffered damages, such damages resulted from the actions of some person or entity other than Defendant.

66. **NINETEENTH DEFENSE:** Plaintiffs' claims are barred, in whole or in part, because it failed to take reasonable steps to minimize damages.

## RIGHT TO AMEND

67. Defendant expressly reserves the right to add additional parties, amend the Answer, and/or amend the Affirmative Defenses as facts are developed through discovery and investigation continues.

## DEMAND FOR ATTORNEYS' FEES

68. Defendant hereby respectfully requests an award of reasonable attorneys' fees and costs upon prevailing.

## DEMAND FOR TRIAL BY JURY

69. Defendant hereby respectfully requests a trial by jury on all matters so triable.

**WHEREFORE**, for the above stated reasons, Defendant respectfully request that this Court enter judgment in Defendant's favor together with all costs and reasonable attorneys' fees, deny all prayers of relief by Plaintiffs, and grant Defendant any other relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in CM/ECF on this 27th day of March, 2017 to Thad Chaloemtiarana at tc@pattishall.com and Robert H. Thornburg at rthornburg@addmg.com.

Respectfully submitted,

SPIEGEL & UTRERA, P.A.
Attorneys for Defendant
1840 Coral Way, 4th Floor
Miami, Florida 33145
Telephone: (305) 854-6000
Facsimile: (305) 857-3700
Email: attorneyswindoll@amerilawyer.com
        legalassist@amerilawyer.com

By: /s/ Alan Swindoll
Alan H. Swindoll, Esq.
Florida Bar No.: 119409