UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14030-CIV-MIDDLEBROOKS/LYNCH

ROBERT BOSCH GmbH AND
ROBERT BOSCH LLC,

    Plaintiffs,

v.

SIC AUTOPARTS, LLC,

    Defendant.
_____/



FILED by ___ D.C.

MAR 30 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER SETTING PRE-TRIAL SCHEDULE
## AND
## ORDER REFERRING CASE TO MEDIATION

**THIS CAUSE** comes before this Court following the Scheduling Conference held March 29, 2017. Pursuant to Local Rule 16.1, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. TRIAL DATE AND CALENDAR CALL: U.S. District Judge Middlebrooks already has set this case for trial on the two-week trial calendar beginning August 21, 2017 and for Calendar Call on August 16, 2017. The parties shall comply with Judge Middlebrooks' trial instructions found in that Order. This includes instructions and deadlines for submitting trial-related materials such as jury instructions (for jury trials), Proposed Findings of Fact and Conclusions of Law (for bench trials), and the organization and submission of exhibits. A Motion to

Continue Trial shall not stay the requirement for filing a Joint Pretrial Stipulation, and unless it is an emergency situation, a Motion to Continue Trial will not be considered unless it is filed at least twenty (20) days before the trial date.

    2.    MAGISTRATE TRIAL JURISDICTION: This Court advises the parties of the opportunity to consent to magistrate trial jurisdiction pursuant to 28 U.S.C. § 636(c). Moreover the parties had the opportunity to state their position on consent in their Joint Scheduling Report. Should the parties later decide to consent to magistrate jurisdiction, they shall file the appropriate form, Form AO 085 or AO 085A, found on the Court's website.

    3.    JOINT PRETRIAL STIPULATION: In accordance with Local Rule 16.1(c)-(e), counsel must meet and confer on the preparation of a Joint Pretrial Stipulation. The Joint Pretrial Stipulation must conform to that local rule's content requirements and filing deadline. Unilateral Pretrial Stipulations are strongly discouraged and may be stricken. Should a party not cooperate in the preparation of a Joint Pretrial Stipulation requiring the other party to file a Local Rule 16.1(f) Unilateral Pretrial Stipulation, that other party shall include a certification to explain to this Court the circumstances. Thereupon the Court will order the non-cooperating party to show cause why it should not be held in

contempt for the failure to comply with the Court's Order. The pre-trial disclosures and objections required by Rule 26(a)(3), Fed.R.Civ.P., should be exchanged with each other but not filed with the Clerk of Court because the same information is required in the Joint Pretrial Stipulation.

4. PRE-TRIAL SCHEDULE: The Pre-Trial Schedule is set as follows:

| | |
|---|---|
| March 31, 2017 | Rule 26(a)(1)(A) Initial Disclosures (if the parties did not meet their own deadline of March 27th) |
| **May 19, 2017** | **Overall Discovery Deadline** |

***** Note: This is the deadline for **ALL** discovery, including expert witness discovery. Parties should plan accordingly. This means that parties shall plan to complete discovery needed for expert witnesses in time for reports to be made, depositions taken, and rebuttal reports prepared before the discovery deadline. The parties shall comply with all civil rules and Local Rules that govern the timing and procedure of discovery, e.g., Rule 26(a)(2), Fed.R.Civ.P., regarding expert witnesses. This means that the parties shall raise discovery disputes in sufficient time before the discovery deadline in compliance with the Local Rules. This means that the parties shall bring **ALL** discovery to completion by this deadline in anticipation of the motions deadline.

| | |
|---|---|
| See ¶8 below | Mediation-Related Deadlines |
| **June 9, 2017** | **All Pretrial Dispositive Motions** |

For trial preparation and trial-related submissions, the parties shall follow the District Court's Trial Order and Local Rule 16.1(c)-(e) as instructed at ¶1 and ¶3 above.

5. MODIFICATIONS: Given the soon upcoming trial date, the parties shall strictly follow the schedule in order to ensure

the timely progression of pre-trial proceedings. <u>This means that parties should undertake pre-trial proceedings in an expeditious manner and strive to begin tasks as far in advance of the respective deadlines as possible.</u> Should a party or parties seek to modify the pre-trial dispositive motions deadline, any later deadline, or the trial date, they require leave of Court, and they shall direct their motion to U.S. District Judge Middlebrooks. For pre-trial deadlines <u>before</u> the motions deadline, the parties may stipulate to a different deadline as they see fit and without need for judicial intervention. Otherwise, for the time to complete pre-trial tasks not specified above, the parties may follow their Joint Scheduling Report, and the parties otherwise shall apply the deadlines and time frames found in the Local Rules and the Federal Rules of Civil Procedure (in a way consistent with the Court's Scheduling Orders).

    6.    SETTLEMENT: Should the parties settle the case, counsel promptly shall inform U.S. District Judge Middlebrooks by calling his Chambers within two (2) days of the settlement. The parties shall file the Notice of Settlement within fourteen (14) days of the mediation. Within ten (10) days of notification of settlement, the parties shall submit appropriate closing documents, including a proposed Order of Dismissal, pursuant to Rule 41(a), Fed.R.Civ.P. Until such time as an Order of

Dismissal is rendered, the parties shall continue to attend all hearings and abide by all time requirements.

7.  COURTROOM CAMERAS PILOT PROJECT: This Court hereby notifies the parties that this case has been selected for video recording pursuant to Administrative Order 2012-001. For information, instructions, and forms to use, this Court refers the parties to that Administrative Order and to the "Courtroom Cameras Pilot Project" section of the Court's website, found under the "General Information" tab. <u>The parties have **thirty (30) days** from the date of this Order within which to opt-out of the project.</u>

8.  ORDER REFERRING CASE TO MEDIATION: Pursuant to Fed. R. Civ. P. 16 and L.R. 16.2, this case is referred to mediation as follows:

    a.  **Mediation shall be completed at least sixty (60) days prior to the beginning of the trial calendar.** This is the <u>latest</u> date by which mediation shall be completed. The parties are encouraged to pursue mediation as soon as they feel it would be fruitful;

    b.  <u>**The parties shall, within fourteen (14) days of the date of this Order, agree upon a mediator and file a Notice of such with the Court.**</u> If the parties are unable to agree to the mediator they shall ask the Clerk of Court to designate a mediator from the list of certified mediators on a blind random basis;

    c.  Counsel for Plaintiff shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record; and

      d.    Within seven (7) days of the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

      e.    The parties shall refer to ¶6 above for settlement-related deadlines.

The parties are advised of the option of having the undersigned U.S. Magistrate Judge conduct a Settlement Conference <u>after</u> they have pursued the above Court-ordered mediation. Should private mediation prove unsuccessful and should the parties thereafter all agree to have a Settlement Conference with the undersigned U.S. Magistrate Judge, then the parties shall notify the District Judge of such for the entry of an Order of Reference. Upon the Order of Reference for Settlement Conference, this Court will issue its Standard Order, setting forth the protocol for the Settlement Conference and scheduling the date.

    9.    Failure to comply with any provision of this Order may subject the offending party or counsel to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein.

    **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30a day of March, 2017.

                                  FRANK J. LYNCH, JR.
                                  CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Robert H. Thornburg, Esq.
     Alan H. Swindoll, Esq.