# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROBERT BOSCH GMBH and
ROBERT BOSCH LLC,

     Plaintiffs,

            -v-                       Civil Action No. 2:17-cv-14030

SIC AUTOPARTS, LLC,

     Defendant.
_____/

## PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE

Plaintiffs Robert Bosch GmbH and Robert Bosch LLC (hereinafter "Plaintiffs") filed their Complaint on January 27, 2017, against Defendant SIC Autoparts, LLC (hereinafter "Defendant") for counterfeiting, trademark infringement, and unfair competition in violation of the Lanham Act, and for deceptive and unfair business practices and unfair competition in violation of Florida law. Plaintiffs' Complaint was based on allegations that Defendant offered for sale and sold counterfeit BOSCH canister purge valves.

**THE COURT FINDS AS FOLLOWS:**

1.      This Court has jurisdiction of the subject matter of this action and over the parties hereto, and venue is proper.

2.      Plaintiff Robert Bosch GmbH is the owner of the incontestable BOSCH and

trademarks described in the Complaint (collectively, the "Bosch Marks"), which are valid and enforceable in law. For many years, and long before Defendant's acts subject to the Complaint, Robert Bosch GmbH and its licensees have used the Bosch Marks in the United

States in connection with the sales of automotive parts, including canister purge valves. Robert Bosch GmbH is the sole proprietor of all right, title, and interest in and to said Bosch Marks.

3.　Plaintiff Robert Bosch LLC has used the Bosch Marks for many years, has sold billions of dollars worth of goods and services in the United States under the Bosch Marks, and has spent substantial sums marketing and promoting goods and services under the Bosch Marks.

4.　The Bosch Marks have become well-known and famous in the United States, and the Bosch Marks represent extremely valuable goodwill for Plaintiffs.

5.　Plaintiffs and Defendant have mutually agreed to settle this matter, to request a permanent injunction, and to dismiss this case with prejudice, requesting the Court to reserve jurisdiction only to enforce the terms of the permanent injunction and settlement terms.

6.　By agreeing to settle this matter, requesting a permanent injunction, and dismissing this case with prejudice, the Parties do not admit fault, wrongdoing, or liability whatsoever to any person or entity arising out of any and all claims asserted or that could have been asserted under federal law, Florida law, or otherwise, and expressly deny any such fault, wrongdoing, or liability.

**NOW THEREFORE:**

It is hereby ORDERED AND ADJUDGED as follows:

**I.**　**<u>Permanent Injunctive Relief</u>**

Defendant and its officers, agents, servants, employees, contractors, consultants, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, related businesses, distributors, and licensees of Defendant, are enjoined and restrained permanently from:

A. Using the Bosch Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with the promotion, marketing, advertising, offering for sale, or sale of non-BOSCH goods or services, *i.e.*, goods or services that are not produced by Plaintiffs, or which do not originate from Plaintiffs.

B. Promoting, marketing, advertising, offering for sale, or selling any counterfeit BOSCH products.

C. Applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalog, brochure, sign, print, press release, or other material used in connection with the sale and/or offering for sale of any non-genuine BOSCH products.

D. Using any trademark, trade name, logo, indicia or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine BOSCH products originate from Plaintiffs, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Plaintiffs.

E. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any non-genuine BOSCH products are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs.

F. Affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine BOSCH products a

-3-

false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods, including but not limited to, by falsely representing that such products are genuine BOSCH products.

G.      For a period of three years from the date of this Permanent Injunction and Final Judgment, destroying or otherwise disposing of any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, marketing, advertising, offering for sale, or sale of any canister purge valve.

## II.      **Dismissal with Prejudice Retention of Jurisdiction**

This case is hereby DISMISSED WITH PREJUDICE, with the Court retaining jurisdiction only for the purpose of enforcing the terms of the permanent injunction and the terms of the parties' settlement.

**IT IS SO ORDERED**:

_____

Donald M. Middlebrooks
United States District Judge

-4-